# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ALPHONSIA JUAWANN LEWIS, )<br>AIS #284291,<br>　Petitioner, )<br>　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA, )<br>　Respondent.　　　　　　　) | CIVIL ACTION NO. 2:17-00496-KD<br><br>CRIMINAL ACTION NO. 2:15-00111-KD-N |

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Alphonsia Juawann Lewis' ("Lewis") Motion to Vacate, Set Aside, or Correct pursuant to U.S.C. § 2255. (Doc. 35). For the reasons discussed herein, the undersigned **RECOMMENDS** that Lewis' motion be **DISMISSED as time barred.**

## BACKGROUND

On July 21, 2015, Lewis pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. 20, 33 at 1). On December 3, 2015, Lewis was sentenced to 84 months in the custody of the Bureau of Prisons. (Doc. 33). The final judgment of conviction was entered December 9, 2015. (Doc. 33). Lewis did not file an appeal.

Lewis is currently in state custody, and will begin serving his federal sentence when his state sentence concludes. (Doc. 35 at 5). Section "2255 is available to a

prisoner in state custody attacking a federal sentence scheduled to be served in the future." *Simmons v. United States,* 437 F.2d 156, 159 (5th Cir. 1971).[1]

On November 6, 2017, Lewis filed the subject § 2255 petition, arguing that the United States unlawfully enhanced his sentence and that he is due to be resentenced. (Doc. 35 at 1-2). Because the § 2255 petition appeared to be untimely, and Lewis did not address the issue of timeliness, the undersigned issued a show cause order to provide Lewis with the opportunity to do so. (Doc. 36).[2] In his response, Lewis argues that he is entitled to equitable tolling of the statute of limitations based on his actual innocence. (Doc. 37).

## DISCUSSION

The Anti-terrorism and Effective Death Penalty Act AEDPA imposes a one-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255; *Sandvik*

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[2] The undersigned previously advised Lewis as follows: advised as follows: "…[I]n the proper case § 2255's period of limitations may be equitably tolled….Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *See, e.g., Irwin,* 498 U.S. at 96, 111 S.Ct. at 458 ('[Federal courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.'); *Calderon,* 163 F.3d at 541 ('[T]he time bar … can be tolled 'if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time.' ') (quoting *Calderon,* 128 F.3d at 1288-89); *Miller,* 145 F.3d at 619 ('Mere excusable neglect is not sufficient [to toll the bar]'); *Marr,* 141 F.3d at 978 (not knowing about the period of limitation until too late is not a ground for equitable tolling)." *Sandvik v. United States,* 177 F.3d 1269, 1271–72 (11th Cir. 1999). (Doc. 36 at 4, fn 5).

*v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). For § 2255 motions, the statute of limitations runs from the latest of the following trigger dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Neither the contents of the § 2255 motion nor Lewis' response to the Court's show cause order indicate that the circumstances set forth in § 2255(f)(2)-(4) apply here.[3] Thus, § 2255(f)(1) provides the applicable limitations period, and that Lewis had one year from the date his conviction became final to file his § 2255 petition. *See* 28 U.S.C. § 2255(f)(1). Judgment was entered on December 9, 2015, and Lewis had 14 days from that date to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). Because Lewis did not appeal his December 9, 2015 conviction, it became final December 23, 2015, when the 14 day time limit for filing a notice of appeal expired. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Lewis had until December 23, 2016, to timely file his petition pursuant to § 2255(f)(1). However, Lewis

---

[3] "*Pro se* litigants are deemed to know of the one-year statute of limitations for filing § 2255 motions." *Lucas v. United States*, 522 F. App'x. 556, 558 (11th Cir. June 17, 2013), citing *Outler v. United States*, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007).

did not file this petition until early November 2017.[4] *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary ..., we will assume that Washington's motion was delivered to prison authorities the day he signed it.").

Lewis argues that he is entitled to the actual innocence exception to the statute of limitations. (Doc. 37).[5] A federal court can consider the merits of an untimely §

---

[4] Under the mailbox rule, prisoner's *pro se* § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing. *See Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir.1999). It's unclear from Lewis' motion when he delivered the motion prison authorities for mailing. Lewis' petition was signed November 3, 2017 but a certificate of service indicates it was mailed November 6, 2017. Applying either date when calculating the statute of limitations would result in an untimely motion pursuant to § 2255.

[5] For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "In the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' ... 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' ... The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538 U.S. 947, 123 S.Ct. 1622, 155 L.Ed.2d 490 (2003); *see also Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) ("Equitable tolling is to be applied when " 'extraordinary circumstances' " have worked to prevent an otherwise diligent petitioner from timely filing his petition.' ... Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' "). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond a petitioner's control made it impossible for him to file his petition on time. *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We

2255 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom. San Martin v. Tucker*, 565 U.S. 843, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011). Indeed, in *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id.* (emphasis supplied). " '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *Id.*, quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted).

---

have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.... We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances."), *aff'd*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). "There must be a causal connection between the alleged extraordinary circumstances and the late filing of the motion." *Lucas v. United States*, 522 F. App'x. 556, 559 (11th Cir. Jun. 17, 2013) (citation omitted). Lewis has made no arguments in favor of equitable tolling. However, upon review of Lewis' § 2255 motion and his response, he has failed to present grounds showing he would be entitled to equitable tolling as he has not shown due diligence or extraordinary circumstances.

Lewis argues that he is entitled to the actual innocence exception because he is actually innocent of the attempted murder charge that formed the basis of a sentencing enhancement. (Doc. 37 at 3, ¶ 7). Lewis has made no argument that he is actually innocent of the § 922(g)(1) charge for which he was convicted. "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004)). However, the Court of Appeals has held that the actual innocence exception to procedural default does not apply to a defendant's claim that he is actually innocent of a sentencing enhancement where that claim is based on legal, as opposed to factual, innocence. *Id.* at 1198–99.

Further, allegations of error in the application of the Sentencing Guidelines are not constitutional claims and they do not implicate the doctrines of "actual innocence" or "fundamental miscarriage of justice." *Gilbert v. United States*, 640 F.3d 1293, 1318–23 (11th Cir. 2011). The Eleventh Circuit has held that a "claim that a sentencing guidelines provision was misapplied ... is not a constitutional claim. If it were, every guidelines error would be a constitutional error." *Gilbert*, 640 F.3d at 1321. Thus, "[i]n *Gilbert* and subsequent decisions, the Eleventh Circuit has made clear that an error in application of the sentencing guidelines ... does not constitute a 'fundamental miscarriage of justice' or satisfy the 'actual innocence' exception to the procedural-default doctrine and are therefore subject to the ordinary rules of

procedural default, as long as the sentence imposed does not exceed the statutory maximum sentence that would have been applied absent the error." *Allegree v. Carr*, No. 2:11CV142-TMH, 2012 WL 6042198, at *2 n.3 (M.D. Ala. Oct. 23, 2012) (citing *Gilbert*, 640 F.3d at 1306; *McKay*, 657 F.3d at 1200; *Bido v. United States*, 438 F. App'x. 746, 748 (11th Cir. 2011); *Orso v. United States*, 452 F. App'x. 912, 914–15 (11th Cir. 2012)), *report and recommendation adopted by* 2012 WL 6042196 (M.D. Ala. Dec. 4, 2012); *see also Frank v. United States*, No. CR 103-045, 2012 WL 12969683, at *3 (S.D. Ga. Oct. 18, 2012) (the Eleventh Circuit has rejected the notion that "actual innocence" can apply to a Guidelines enhancement).[6] Accordingly, Lewis has not satisfied the actual innocence exception to lift the procedural bar caused by his failure to timely file his § 2255 motion. Therefore, the undersigned **RECOMMENDS** that this matter be **DISMISSED as time barred.**[7]

---

[6] Additionally, even if this claim were timely filed, Lewis did not file a direct appeal of his conviction or sentence. His claim is not constitutional and, therefore, not cognizable in this action because it was not raised on appeal. *Stone v. Powell,* 428 U.S. 465, 477 n. 10 (1976) ("The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings") (citations omitted). Lewis has provided no explanation as to why this claim was not raised on appeal or how *Stone* is inapplicable in light of that failure.

[7] Even if timely, it appears Lewis' claim is without merit as his sentence was not "enhanced" by an attempted murder charge. Lewis may be referring to a cross reference to attempted murder. Paragraph 19 of the Presentence Investigation Report states:

> Base Offense Level: The guideline for an offense charged under 18 U.S.C. § 922(g)(1) is found at U.S.S.G. § 2K2.1. However, pursuant to U.S.S.G. § 2K2.1(c)(1)(B), because the defendant used the ammunition in connection with the commission or attempted commission of another

# CERTIFICATE OF APPEALABILITY ("COA")

A COA will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

offense (attempted murder), the guideline for this offense is cross referenced to U.S.S.G § 2A2.1(a)(1), which states that if the object of the offense would have constituted first degree murder, the base offense level is 33.

(Docs. 22 at 5, ¶ 19, 28 at 5, ¶19)(both sealed). Petitioner's counsel filed an objection stating: "The Defendant objects to the cross-reference to U.S.S.G. 2A2.1(a)(1). He denies that he inflicted any injury to [victim's name]. He did not attempt to murder [victim's name]. He only tried to defend himself from an attack by [other person]. Therefore, the cross-reference is incorrect, the defense of self-defense should be sustained, and the base offense level should be, at most, 24, not 33 as stated in the PSR." (Doc. 25 at 2, ¶ 19).
  In its Statement of Reasons, the Court found that "the cross-reference to Attempted Murder is not appropriate." (Doc. 34 at 1). The Court determined that Petitioner's total offense level was 25. Petitioner was sentenced to 84 months in the custody of the Bureau of Prisons, which is below the 120 month statutory maximum.18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Lewis cannot make that showing. Since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis.*

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of July 2018.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**