**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION: 2:15-00111-KD-N** |
| | ) | |
| **ALPHONSIA JUAWANN LEWIS,** | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant Lewis' letter motion requesting resentencing.  (Doc. 70). Specifically, Lewis argues that he was sentenced for an attempted murder case which was later dismissed (sentenced based on acquitted conduct).  (Id.)  Per Lewis, at his sentencing "I was cross-referenced to an[] Attempted Murder case and sentenced to 84 months after agreeing to a guideline provision of 47-57 months. 4 years later the Attempted Murder was dismissed which would mean I was sentenced based upon Acquitted Conduct." (Id.)

As already stated in prior Orders of this Court, this Court is the sentencing court for Lewis. However, it is well settled that sentencing courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. United States v. Diaz-Clark, 292 F.3d 1310, 1317-1318 (11th Cir. 2002). Indeed, the law is clear that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-1195 (11th Cir. 2010); see also United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). "A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35." United States v. Jackson, 613 F.3d 1305, 1308 (11th Cir. 2010).  Neither Rule 35 nor any statute appears to authorize modification of a sentence from consecutive to concurrent under the

circumstances in this case.  Accordingly, this Court lacks authority to amend or modify Lewis' federal sentence and thus, it is **ORDERED** that his motion is **DENIED.**

Additionally, the Court notes that Lewis is mistaken about the alleged cross-reference.  While the Presentence Investigation Report (PSI) cross-referenced his attempted murder, the Court did not adopt that finding and instead concluded as follows: "The Court finds that the cross-reference for Attempted Murder is not inappropriate."  (SEALED -- Doc. 34 at 1 at B.1.a.) (attached under seal).  Had the Court adopted the cross-reference, Lewis' sentencing guideline range would have been 168-210 months.  Instead the Court found the appropriate guideline range for Lewis' sentence was 84-105 months.

**DONE** and **ORDERED** this the **26th** day of **April 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

2