IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 2:15-00111-K-N |
| ALPHONSIA JUAWANN LEWIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on Defendant Alphonsia Juawann Lewis' motion to vacate or amend judgment pursuant to Rule 60 (b)(6) of the Federal Rules of Civil Procedure (doc. 73) and the United States' response (doc. 76). Upon consideration, and for the reasons set forth herein, the motion is dismissed for lack of jurisdiction.

Lewis pled guilty to the offense of unlawful possession of a firearm in violation of U.S.C. § 922(g)(1). He was sentenced to a term of eighty-four (84) months and thirty-six (36) months of supervised release. Lewis' first motion to vacate pursuant to 28 U.S.C. § 2255 was dismissed as time barred (docs. 42-44). His second § 2255 motion was dismissed without prejudice for lack of jurisdiction. The Court found that Lewis had filed a § 2255 motion without first obtaining authorization from the Court of Appeals for the Eleventh Circuit (docs. 48, 53-54). His motions for reconsideration were denied (docs. 56, 67, 71).

Lewis now moves pursuant to Rule 60(b)(6) on grounds that three decisions entered after he was sentenced – Rehaif v. United States, 139 S. Ct. 2191 (2019), Garza v. Idaho, 139 S. Ct. 738 (2019) and New York State Rifle & Pistol Association v. Bruen, 142 S. Ct. 211 (2002) – provide a basis for relief from his criminal judgment. He argues that these cases are "recently discovered intervening changes in the law that establish 'actual innocence' and 'cause and prejudice' exceptions" for equitable tolling. Lewis alleges that he discovered these cases in early 2023 when

he was in the law library working on his case. Lewis argues that Rehaif and Bruen support his claim of actual innocence. Lewis argues that based on Garza, he is entitled to a direct appeal because he asked his counsel to appeal, but counsel "told Lewis that an appeal was precluded by the Appellate Waivers contained in the plea agreement" which violates the 5th and 6th Amendments to the Constitution.

Among other arguments, the United States points out that relief under Rule 60(b)(6) may be available when the defendant alleges "some defect in the integrity"[1] of his prior § 2255 proceedings and argues that relief is not available because Lewis seeks to vacate or amend his sentence based on new legal challenges. Thus, the United States argues that Lewis' motion is a second or successive motion to vacate pursuant to § 2255 which should be dismissed because he did obtain permission to file from the Court of Appeals for the Eleventh Circuit.

Although Lewis labeled his motion as one for relief under Rule 60(b)(6), he does not challenge the integrity of the prior § 2255 proceedings. Therefore, the Court construes the motion as brought pursuant to § 2255. Ramdeo v. United States, 2023 WL 7151995, at *1 (11th Cir. Oct. 31, 2023) ("When a pro se plaintiff brings a motion under Rule 60, the district court may construe it as a § 2255 motion, and if applicable, treat it as an unauthorized second or successive motion.") (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). Before this Court may address Lewis' second or successive § 2255 motion, he must obtain an order from the Eleventh Circuit authorizing this Court to consider his motion. 28 U.S.C. § 2255(h) and § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Rule 9 of the Rules Governing Section 2255 Proceedings for the United States

---

[1] Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); United States v. Terrell, 141 Fed. Appx. 849 (11th Cir. 2005) (applying the rationale and holding of Gonzalez to motions pursuant to 28 U.S.C. § 2255)

District Courts (a party must obtain authorization from the appropriate court of appeals before presenting a second or successive motion). The Eleventh Circuit has explained that without authorization, the district courts lack jurisdiction to consider a second or successive motion. Baker v. United States, 791 Fed. Appx. 884 (11th Cir. Jan. 28, 2020) (quoting United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)). Since Lewis has not obtained authorization from the Eleventh Circuit, his motion is dismissed for lack of jurisdiction.

    DONE and ORDERED this the 3rd day of April 2024.

                                            **s / Kristi K. DuBose**
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**